IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laura Johnson, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>Kilolo Kijakazi, Acting Commissioner )<br>of Social Security Administration, )<br>)<br>   Defendant. )<br>_____) | Civil Action No. 5:20-cv-3462-BHH |

  This matter is before the Court upon Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In the motion, Plaintiff seeks attorney's fees in the amount of $4,024.69 and $21.15 in expenses. On September 14, 2021, Defendant filed a response to Plaintiff's motion, notifying the Court that Defendant does not oppose Plaintiff's request.

  Attorney's fees may be awarded pursuant to EAJA where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as

amended by P.L. 99-80, § 2(c)(2)(B).

After consideration, it is hereby **ORDERED** that Plaintiff's motion (ECF No. 24) is granted, and Plaintiff is awarded $4,024.69 in attorney's fees and $21.15 in expenses pursuant to EAJA.  The Commissioner will determine whether Plaintiff has any outstanding federal debt to be offset from the attorney's fees, and if Plaintiff has no outstanding federal debt, then the Commissioner will honor Plaintiff's assignment of attorney's fees to counsel and make the check payable to Plaintiff's counsel.  However, if Plaintiff has outstanding federal debt, then the Commissioner will make the check payable to Plaintiff directly and deliver the check to the business address of Plaintiff's counsel, and the amount of fees payable to Plaintiff will be the balance of the stipulated attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt.  If Plaintiff's outstanding federal debt exceeds the stipulated amount of attorney's fees, then the stipulated amount will be used to offset that debt and no amount shall be paid to Plaintiff.[1]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 14, 2021
Charleston, South Carolina

---

[1] As the Supreme Court made clear in *Astrue v. Ratliff*, attorney's fees under EAJA are made payable to the prevailing litigant and not to the litigant's attorney.  560 U.S. 586, 598 (2010) (holding that the plain text of EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to an offset of any pre-existing federal debts).